GIBSON, DUNN & CRUTCHER LLP
Cheryl Justice, SBN 107137
cjustice@gibsondunn.com
Jesse A. Cripps, Jr., SBN 222285
jcripps@gibsondunn.com
333 South Grand Avenue
Los Angeles, California 90071-3197
Telephone: (213) 229-7000
Facsimile: (213) 229-7520

Attorneys for Defendant KPMG LLP

[Additional Counsel Listed on Signature Page]

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

|  |  |
|---|---|
| IN RE KPMG OVERTIME LITIGATION | MASTER FILE:  07-04396-RSWL-CW<br><br>The Honorable Ronald S.W. Lew<br><br>**STIPULATION AND PROTECTIVE ORDER GOVERNING PRODUCTION OR OTHER DISCOVERY OF CONFIDENTIAL INFORMATION AND DOCUMENTS** |

## STIPULATION AND [PROPOSED] ORDER

WHEREAS, given the nature of the relationship between KPMG LLP ("KPMG") and its clients, KPMG contends that is in the unique situation of having extremely proprietary, confidential, sensitive and private information of its current and former clients and their employees and customers;

WHEREAS, KPMG contends that the sensitive information held by KPMG can even include, *inter alia*, taxpayer information as well as information about hospital patients and bank customers;

WHEREAS, KPMG contends that it has statutory, regulatory, professional, and contractual obligations to protect information about its clients and the customers of those clients;

WHEREAS, KPMG has objected to the disclosure of such information, but has agreed to provide other confidential and/or sensitive materials, to the extent that such disclosure would not violate KPMG's statutory, regulatory, professional, and contractual obligations, and to the extent that such information is subject to an appropriate protective order;

WHEREAS, Plaintiffs have also agreed to produce Documents which they contend are confidential and/or highly sensitive in nature, subject to entry of an appropriate protective order;

STIPULATION AND [PROPOSED] PROTECTIVE ORDER GOVERNING PRODUCTION OR OTHER DISCOVERY OF CONFIDENTIAL INFORMATION AND DOCUMENTS

WHEREAS, the parties believe that public disclosure of the Confidential Materials that will be produced by the parties in this action would result in the unnecessary and improper intrusion on the rights of the parties and third parties;

WHEREAS, the parties believe that the instant order will facilitate the production of such materials in this action, under terms that will protect against the public disclosure of such information;

IT IS HEREBY STIPULATED AND AGREED as follows by and between the parties hereto, through their respective counsel of record, and pursuant to Federal Rule of Civil Procedure 26:

1.    The following definitions shall apply to this Stipulation and Order:

(a)    This "Action" shall refer to the action entitled: *In re KPMG Overtime Litigation*, United States District Court, Central District of California, Master File No. 07-04396-RSWL-CW and any consolidated case and any appeal thereof through final judgment.

(b)    "KPMG" or "Defendant" shall mean KPMG LLP.

(c)    "Plaintiffs" or "Named Plaintiffs" shall mean Plaintiffs Jeff Yeung, Mansour Bighamian, Michelle Garcia and Gina Johnson, as well as any other individually named plaintiff in any case that is consolidated with this matter.

3

(d)     "Confidential Material" shall include any Documents produced in this action which are, in good faith, determined to contain confidential or proprietary information, including without limitation financial information, trade secrets, personnel and payroll information, or other commercially sensitive or personally sensitive information of a non-public nature. Confidential Material includes, for example, trade secret, proprietary, sensitive or confidential Documents or information pertaining to KPMG or its clients; the identity of KPMG clients not otherwise publicly known; information that is protected by rules and regulations specific to the accounting profession; any information or Documents covered by confidentiality agreements between KPMG and its current and former employees; financial or accounting information pertaining to KPMG or its clients; personal financial information; and personnel Documents or information pertaining to current or former employees of KPMG or its clients.

(e)     "Confidential – Attorneys' Eyes Only Material" shall include any Documents produced in this action which are, in good faith, determined to contain sensitive proprietary, confidential and/or personal information for which the producing party in good faith believes "Confidential" status would not provide sufficient protection, or for such Documents permitted or required by the Court to be produced for Attorneys' Eyes Only.  "Confidential – Attorneys' Eyes

4

Only Material" shall be subject to all the protective terms applicable to "Confidential Material" as well as the more protective measures expressly set forth herein.

(f)      "Documents" shall mean all written, recorded, electronic or graphic matter whatsoever, including, but not limited to, materials produced pursuant to Rule 26 of the Federal Rules of Civil Procedure, by subpoena or by agreement, deposition transcripts and exhibits, interrogatory answers, responses to requests for admission, and any portion of any court papers that quote from any of the foregoing.

(g)      "Parties" shall mean Plaintiffs, Defendant, and any third party who agrees to be bound by this Stipulation and Order.  "Disclosing Parties" shall mean Plaintiffs, Defendant, and any third parties who give testimony or produce Documents or other information covered by this Stipulation and Order, including those Parties' officers, directors, employees, and agents.

(h)      "Legend" as used herein shall mean a large bold stamp or similar insignia stating "CONFIDENTIAL" or "THIS DOCUMENT CONTAINS CONFIDENTIAL INFORMATION PROTECTED BY COURT ORDER" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY."  When any Document is designated "Confidential" or "Confidential – Attorneys' Eyes Only" pursuant to

STIPULATION AND [PROPOSED] PROTECTIVE ORDER GOVERNING PRODUCTION OR OTHER
DISCOVERY OF CONFIDENTIAL INFORMATION AND DOCUMENTS

this Stipulation and Order, the legend shall be affixed to the cover of such Document.

      (i)    When reference is made in this Stipulation and Order to any Document or party, the singular shall include the plural, and the plural shall include the singular.

    2.    This Stipulation and Order shall govern all Documents, including information contained therein and copies thereof, and other information and materials generated or produced in response to any method of discovery conducted by any party to this action.  The Documents and information contained in those Documents covered by this Stipulation and Order may not be used for any purpose whatsoever except in connection with the action.

    3.    In designating information as "Confidential Material" or "Confidential – Attorneys' Eyes Only Material" a Party shall make such a designation only as to materials which that Party in good faith believes constitute Confidential Material or Confidential – Attorneys' Eyes Only Material under the definitions herein.

    4.    All Documents produced in this case that are designated "Confidential" shall be used only for purposes of discovery, motions, briefs, the trial and preparation for trial in this action, as defined in paragraph 1(a) above, and on appeal, if any, and for no other purpose whatsoever.  No Documents so

6

designated "Confidential" shall be produced to or information therein disclosed to any party in this action unless that party's counsel agrees to this Stipulation and Order.

5.     In the absence of an order of the Court to the contrary, Confidential Material, all copies thereof, and any summaries, charts or notes made therefrom, and any facts or information contained therein or derived therefrom, shall be disclosed only to the following persons:

(a)     Attorneys working on this action on behalf of the recipient, including in-house attorneys, outside legal counsel, legal assistants, stenographic and clerical employees and/or contractors working under the direct supervision of such counsel but only to the extent necessary for and solely for the purposes of assisting or defending this action;

(b)     Experts retained by one or more of the parties to this action or their counsel, to assist in preparation of this action for trial, with disclosure only to the extent necessary to perform such work;

(c)     Any person who has been called to testify, in deposition or at trial, except that such person may only be shown copies of Confidential Material in preparation for and during his/her testimony that is directly relevant to the testimony he/she is to give, and such person may not retain any Confidential Material;

STIPULATION AND [PROPOSED] PROTECTIVE ORDER GOVERNING PRODUCTION OR OTHER
DISCOVERY OF CONFIDENTIAL INFORMATION AND DOCUMENTS

1    (d)    the Named Plaintiffs;

2    (e)    Mediators; and

3    (f)    The Court, jury, court staff, and court reporters.

4    6.    All Documents produced in this case that are designated

5  "Confidential – Attorneys' Eyes Only" shall be used for purposes of discovery,

6  motions, briefs, the trial and preparation for trial in this action, as defined in

7  paragraph 1(a) above, and on appeal, if any, and for no other purpose whatsoever.

8  The Parties will only designate as "Confidential – Attorneys' Eyes Only" highly

9  sensitive materials that pose a genuine threat to the valid interests of that party

10  (or, in the case of KPMG, to the valid interests of its clients).  Documents so

11  designated "Confidential – Attorneys' Eyes Only," including any portion thereof,

12  shall not be produced to or information therein disclosed to or used by any person

13  except:

14    (a)    Attorneys working on this action on behalf of the recipient,

15  including in-house attorneys, outside legal counsel, legal assistants, stenographic

16  and clerical employees and/or contractors working under the direct supervision of

17  such counsel but only to the extent necessary for and solely for the purposes of

18  assisting or defending this action;

19    (b)    court officials involved in this action (including court

20  reporters, persons operating video recording equipment at depositions, the District

8

Court and Magistrate Judges assigned to this action, and any special master appointed by the Court);

(c)     Experts retained by one or more of the parties to this action or their counsel, to assist in preparation of this action for trial, with disclosure only to the extent necessary to perform such work;

(d)     Mediators; and

(e)     any person designated by the Court in the interest of justice, upon such terms as the Court may deem proper.

7.     Before disclosure of "Confidential" or "Confidential – Attorneys' Eyes Only Material" is to be made to any individual under paragraphs 5(a-e) or 6(a)(c), such individuals shall sign, prior to such disclosure, a copy of the Endorsement of Protective Order, attached as Exhibit A.  Counsel providing access to such materials shall retain copies of the executed Endorsement(s) of Protective Order.  Any party seeking a copy of an endorsement may, for good cause, make a demand setting forth the reasons therefore to which the opposing party will respond in writing.  If the dispute cannot be resolved the demanding party may move the Court for an order compelling production upon a showing of good cause.  This provision does not affect any party's right to assert any privilege in response to a request to view the signed Endorsement(s).

STIPULATION AND [PROPOSED] PROTECTIVE ORDER GOVERNING PRODUCTION OR OTHER
DISCOVERY OF CONFIDENTIAL INFORMATION AND DOCUMENTS

If Counsel for any Plaintiff intends to disclose any Confidential Material or Confidential-Attorneys' Eyes Only Material provided under this Stipulation and Order which consists of or reflects KPMG's proprietary internal policies, practices and procedures for the conduct of audits to any person who is retained to serve as an expert witness and who is currently employed or engaged by an accounting firm which is a competitor of KPMG in the business of providing audit services, that counsel for the Plaintiff(s) shall notify KPMG in writing, at least ten business days before any such disclosure is made, of the identity of each such person, his or her professional affiliation(s), and the date on which the disclosure is intended to be made.  KPMG shall retain each such notification in confidence and not disclose it until a Court orders disclosure of such information or such information is otherwise disclosed by Plaintiffs in the action.

8.      The recipient of any Confidential Material or Confidential – Attorneys' Eyes Only Material provided under this Stipulation and Order shall maintain such information in a secure and safe place and manner and shall exercise the same standard of due and proper care with respect to the storage, custody, use and/or dissemination of such information as is exercised by the recipient with respect to its own confidential information.  In particular, Confidential Material and Confidential – Attorneys' Eyes Only Material shall be maintained in a place and manner that the recipient, in good faith, believes is

10

sufficient to avoid its inadvertent disclosure, theft, loss, or unauthorized access to any individual not authorized under paragraph 5 or 6 to see or use it.  The recipient of Confidential Material and Confidential – Attorneys Eyes Only Material shall immediately report to the disclosing party or its counsel any suspected theft, loss, or unauthorized access to or use of such information from internal or external sources.   Confidential Material and Confidential – Attorneys Eyes Only Material shall not be copied, reproduced, summarized or abstracted, except to the extent that such copying, reproduction, summarization or abstraction is reasonably necessary for the conduct of this lawsuit.  All such copies, reproductions, summarizations, extractions, and abstractions shall be subject to the terms of this Stipulation and Order, and labeled in the same manner, and with the same Legend, as the designated material on which they are based.  Privileged attorney work product need not be labeled provided that such work product is not sent outside of the office of the attorney who prepared such material.

    (a) If, in connection with this Action, a party (the "Disclosing Party") discloses information subject to a claim of attorney-client privilege or attorney work product protection ("Disclosed Protected Information"), the disclosure of the Disclosed Protected Information shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work

STIPULATION AND [PROPOSED] PROTECTIVE ORDER GOVERNING PRODUCTION OR OTHER
DISCOVERY OF CONFIDENTIAL INFORMATION AND DOCUMENTS

product protection that the Disclosing Party would otherwise be entitled to assert with respect to the Disclosed Protected Information and its subject matter.

(b)     A Disclosing Party may assert in writing attorney-client privilege or work product protection with respect to Disclosed Protected Information.  The Receiving Party shall, within five business days of receipt of that writing, return or destroy all copies of the Disclosed Protected Information and provide a certification of counsel that all such Disclosed Protected Information has been returned or destroyed.

(c)     Within five business days of the notification that such Disclosed Protected Information has been returned or destroyed, the Disclosing Party shall produce a privilege log with respect to the Disclosed Protected Information.

(d)     The Receiving Party may move the Court for an Order compelling production of the Disclosed Protected Information (a "Privilege Motion").  The Privilege Motion shall be filed under seal and shall not assert as a ground for entering such an Order the fact or circumstances of the inadvertent production.

(e)     The Disclosing Party retains the burden of establishing privileged or protected nature of any Disclosed Protected Information.  Nothing

STIPULATION AND [PROPOSED] PROTECTIVE ORDER GOVERNING PRODUCTION OR OTHER
DISCOVERY OF CONFIDENTIAL INFORMATION AND DOCUMENTS

in this paragraph shall limit the right of any party to petition the Court for an in

camera review of the Disclosed Protected Information.

(f)    If, at trial, at a hearing, at a deposition, or on a motion, a

Disclosing Party marks for identification of offers into evidence Disclosed

Protected Information – or proffers or elicits testimonial or other evidence that

incorporates or relies on Disclosed Protected Information, including evidence

within Federal Rule of Evidence 703 – that act shall be deemed to effect a waiver

and forfeiture by the Disclosing Party of attorney-client privilege and work

product protection that would otherwise apply to undisclosed information

concerning the same subject matter, within Federal Rule of Evidence 502(a).  The

preceding sentence shall not apply to (i) proceedings to determine whether the

Disclosed Protected Information is privileged or protected or subject to discovery

or disclosure, or (ii) Disclosed Protected Information that is marked for

identification, offered into evidence, or incorporated in evidence proffered or

elicited by an adverse party, or relied on by a witness proffered by an adverse

party.

9.    A producing party may designate any Document or portion thereof

"Confidential" or "Confidential – Attorneys' Eyes Only" pursuant to this

Stipulation and Order, by affixing the Legend as provided under paragraph 1(e) to

any materials which that Party in good faith believes constitute Confidential or Confidential – Attorneys' Eyes Only Material under the definition herein.

10.    Each party may designate as "Confidential" or "Confidential – Attorneys' Eyes Only" any Documents or other information as follows:

(a)    Documents and information generally must be designated either at or before the time of production or as soon as practical after receipt, although the designation may be made at any time.  Parties to this action may designate Documents produced by other parties or by third parties, and which are not otherwise publicly available, by sending written notice of such designation, accompanied by copies of the designated Documents bearing the Legend, to all other parties in possession or custody of such previously undesignated Documents.  The party asserting confidentiality shall bear the burden of establishing all elements necessary to invoke the designation.  Any party receiving such notice and copies of designated Documents pursuant to this subparagraph shall affix the Legend to all copies of such designated Documents in their custody or possession, except as otherwise agreed by the parties in the event that affixing such a label is not reasonably practical.

(b)    Upon notice of designation pursuant to this paragraph, parties shall also:  (i) make no further disclosure of such designated Documents or information contained therein except as allowed under this Stipulation and Order;

14

and (ii) take reasonable steps to notify any persons known to have possession of such designated Document or information of the effect of such designation under this Stipulation and Order.

11.   <u>Documents Subject to Additional Protection</u>.

a.   In advance of Plaintiffs' depositions, to facilitate discussion about certain of Plaintiffs' client engagements during their employment at KPMG, Defendant will submit an index of client names to Plaintiffs' counsel with corresponding descriptions (e.g. "Client A," "Client B," etc.) to be used in place of the client name during the deposition (the "Client List"). The Client List shall be treated as "Confidential" pursuant to this Stipulation and Order, shall be identified accordingly, and shall be subject to the following additional protections:

(1)   Notwithstanding the provisions of Paragraphs 5 and 6, the Client List provided by KPMG and any information therein shall be disclosed only to the named Plaintiffs and to their attorneys of record in this action;

(2)   The original Client List provided by KPMG and its contents shall not be copied, duplicated, or summarized by the named Plaintiffs and their attorneys of record in this action in any fashion, with the exception of two copies that may be made for and maintained by each of the following law firms:

15

Orshansky & Yeremian; Schiffrin Barroway Topaz & Kessler, LLP; Milstein,

Adelman & Kreger, LLP; Law Office of Steven Elster; and Lim, Ruger & Kim,

LLP.

      b.     To the extent that client names which appear in the Client List

appear in Documents that are produced, the parties may redact the actual client

name in such Documents and replace it with the corresponding description in the

list (e.g. "Client A," "Client B," etc.).

      c.     Client names will not be used at deposition, though no party shall be

liable for breaching this Stipulation and Order because of an inadvertent use of a

client name during the deposition.  If a client name is inadvertently used during

the deposition, the court reporter shall redact such reference in the deposition

transcript, and replace it with the appropriate corresponding description (e.g.

"Client A," "Client B," etc.) from the Client List.

      12.    In the case of Confidential or Confidential – Attorneys' Eyes Only

information revealed during a deposition, if designation of a transcript or any

portion thereof, including exhibits, is made by any party or his counsel to that

effect on the record, or is otherwise made before the stenographer transcribing

such deposition has disseminated to counsel for the parties the transcript of the

deposition, the stenographer shall affix the appropriate Legend to the cover page

and all appropriate pages of the transcript, and to each copy thereof.  The parties

16

shall ask the court reporter to separately bind the confidential portions of any such deposition transcripts or exhibits.

A party or a witness may designate a deposition or trial transcript, or a portion thereof, including exhibits disclosing, containing or referring to any Confidential Documents or Confidential information hereunder, as "Confidential" or "Confidential – Attorneys' Eyes Only" by informing counsel for all other parties to this action in writing within ten (10) days after receipt of the transcript, as to the specific pages deemed Confidential or Confidential – Attorneys' Eyes Only, and thereafter such pages shall constitute Confidential or Confidential – Attorneys' Eyes Only Documents pursuant to this Stipulation and Order.  Upon receipt of such notice, any party in possession of copies of such designated transcript shall affix the appropriate Legend to the cover page and all appropriate pages of the transcript, and to each copy thereof.

13.     Filing Confidential Material With The Court:

(a)     Confidential Material, including without limitation Confidential – Attorneys' Eyes Only Documents, shall not be filed with the clerk except under seal, after an appropriate Order is entered by the Court in accordance with Federal Rule of Civil Procedure 79 and Local Civil Rule 79-5.

(b)     In the event that any Confidential or Confidential – Attorneys' Eyes Only Material, or information derived therefrom, is submitted, under seal,

17

with any Documents filed with the clerk of this Court or any other court in accordance with paragraph 13(a) above, including without limitation, any pleadings, motion papers, or briefs, such Confidential Documents shall be lodged either as specifically requested by the Court or under seal in an envelope marked "SEALED" and bearing the words: "Confidential pursuant to Protective Order entered by the Court on _____, 20__." Any references to the Confidential Documents, or information derived therefrom, in the body of any pleading shall not operate as a waiver of confidentiality.

14.    Unless and until otherwise ordered by the Court, or otherwise agreed by the parties, all Documents and other discovery material designated "Confidential" or "Confidential – Attorneys' Eyes Only" shall be treated as Confidential or Confidential – Attorneys' Eyes Only under this Stipulation and Order.  In the event that any party objects to such designation of any Document, the objecting party may seek modification of the designation or the disclosure of the redacted information in accordance with the following procedure.  The party asserting confidentiality shall bear the burden of establishing all elements necessary to invoke the designation:

(a)    A party who seeks to challenge a designating party's "Confidential" or "Confidential – Attorneys' Eyes Only" designation shall do so

at least thirty (30) days prior to the time the parties are to exchange their pre-trial Exhibit Lists.

   (b) Subject to the timing limitation set forth in paragraph 14(a) above, the receiving party may notify the producing party, in writing, that the receiving party does not concur in the designation of confidentiality.  The parties shall attempt to resolve such disputes informally.  In the event that such disputes are not resolved informally, the party who has designated the Documents or other material as "Confidential" or "Confidential – Attorneys' Eyes Only" shall within ten (10) days after the attempted informal resolution file a noticed motion with the Court.  Pursuant to this paragraph the Court shall make an independent determination as to whether or not any given Document is Confidential or Confidential – Attorneys' Eyes Only, and in so doing the Court shall not be bound by any party's designation of confidentiality; provided, however, that such Documents or discovery material shall be deemed Confidential or Confidential – Attorneys' Eyes Only unless and until the Court rules otherwise.

   (c) In the event that any party files a motion challenging a designation of Confidentiality, including a designation of Confidential – Attorneys' Eyes Only, the Document shall be submitted in its entirety to the Court for in-camera inspection.

15.     Notwithstanding anything to the contrary contained herein, all objections as to the admissibility of evidence of the discovery material subject to this Stipulation and Order are reserved and are not waived by any terms of this Stipulation and Order.  The parties shall meet and confer about the use of Confidential materials, including Confidential – Attorneys' Eyes Only Materials, as evidence at trial, and shall submit a stipulation for the Court's approval prior to the Final Pretrial Conference in this matter as to how such materials shall be handled at trial.

16.     If at any time any Document or information protected by this Stipulation and Order is subpoenaed by any Court, administrative agency, legislative body, or other governmental entity, or is requested by any other person or entity purporting to have authority to require the production of such information, the party or counsel to whom the subpoena or other request is directed shall immediately give written notice thereof to any party which has designated such information as Confidential or Confidential – Attorneys' Eyes Only and shall exercise reasonable efforts not to make such Documents or information available until twenty days after the disclosing party has been notified of the request, subpoena or order, unless otherwise ordered by the Court, administrative agency, legislative body, or other governmental entity making such request.  Except as provided in the preceding sentence, after receipt of the notice

20

specified under this paragraph the designating party shall have the sole responsibility for obtaining any order it believes necessary to prevent disclosure of Documents designated confidential.

17.    The termination of proceedings in this action shall not relieve the parties, their counsel, or any person permitted access pursuant to this Stipulation and Order from the obligations set forth herein, and the Court shall retain jurisdiction after the final disposition of the Action for the purpose of any application to enforce the provisions of the Stipulation and Order.  Upon the final disposition of this action, including the completion or running of time for any available appeals, the attorneys for the receiving parties shall promptly return to counsel for the producing party any Document made available or produced by the other party in connection with the action, and all copies thereof.  Within 60 days after final disposition, lead counsel for each firm involved in this matter will provide a written certification, under penalty of perjury, stating that all such materials have been so returned.  The Court will retain jurisdiction to enforce the terms and condition of this protective order after the conclusion of this litigation.

18.    Disclosure of materials designated as "Confidential" or "Confidential – Attorneys' Eyes Only," other than in accordance with the terms of this Protective Order, may subject the disclosing person to such sanctions and remedies as the Court may deem appropriate.

STIPULATION AND [PROPOSED] PROTECTIVE ORDER GOVERNING PRODUCTION OR OTHER
DISCOVERY OF CONFIDENTIAL INFORMATION AND DOCUMENTS

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

19.    Defendant represents to Plaintiffs and their counsel that current and former KPMG employees have entered into confidentiality agreements and that there are statutory, regulatory, contractual, licensure, and other legal restraints on the disclosure of certain confidential information and Documents relating to KPMG and its clients.  Accordingly, Plaintiffs and their counsel agree not to seek these materials outside of the formal discovery process.

## COUNSEL FOR PLAINTIFFS

**BARROWAY TOPAZ KESSLER MELTZER & CHECK, LLP**
Joseph H. Meltzer
Gerald D. Wells, III (SBN 257496)
Robert W. Biela
280 King of Prussia Road
Radnor, PA 19087
Telephone: (610) 667-7706
Facsimile: (610) 667-7056

*CHAIR OF EXECUTIVE COMMITTEE FOR PLAINTIFFS*

**DATED: 12/12/08**          By: *s/ Gerald D. Wells, III*
                                   Gerald D. Wells, III
                                   Barroway Topaz Kessler Meltzer & Check, LLP

22

1

2    **ORSHANSKY & YEREMIAN LLP**
     Anthony J. Orshansky
3    David H. Yeremian
     9401 Wilshire Boulevard, Suite 900
4    Beverly Hills, CA 90212
     Telephone: (310) 277-9945
5    Facsimile: (310) 277-9946

6    *MEMBER OF PLAINTIFFS'*
     *EXECUTIVE COMMITTEE*
7

8    **MILSTEIN, ADELMAN & KREGER,**
     **LLP**
9    Wayne S. Kreger
     William A. Baird
10   2800 Donald Douglas Loop North
     Santa Monica, California 90405
11   Telephone: (310) 396-9600
     Facsimile: (310) 396-9635
12

13   *MEMBER OF PLAINTIFFS'*
     *EXECUTIVE COMMITTEE*
14

15

16

17

18

19

20

21

22

23

**COUNSEL FOR DEFENDANT**

**GIBSON, DUNN & CRUTCHER LLP**
Cheryl Justice (SBN 107137)
cjustice@gibsondunn.com
Jesse A. Cripps, Jr. (SBN 222285)
jcripps@gibsondunn.com
333 South Grand Avenue
Los Angeles, CA 90071
Telephone: (213) 229-7000
Facsimile: (213) 229-7520

DATED: 12/11/08                        By *s/ Cheryl Justice*
                                              Cheryl Justice
                                              Gibson, Dunn & Crutcher LLP

                                              *COUNSEL FOR DEFENDANT*
                                              *KPMG LLP*

**O R D E R**

IT IS SO ORDERED.

For good cause shown, the foregoing Protective Order shall be the Order of this Court.

DATED:  __December 12, 2008__

                              _____/S/_____
                              THE HONORABLE CARLA M. WOEHRLE

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

MASTER FILE:  07-04396-RSWL-CW

The Honorable Ronald S.W. Lew

IN RE KPMG OVERTIME
LITIGATION

**STIPULATION AND [PROPOSED]
PROTECTIVE ORDER GOVERNING
PRODUCTION OR OTHER
DISCOVERY OF CONFIDENTIAL
INFORMATION AND DOCUMENTS**

## **EXHIBIT A**

## **ENDORSEMENT OF PROTECTIVE ORDER**

I hereby attest, under penalty of perjury, to my understanding that

information or Documents designated "Confidential" or "Confidential –

Attorneys' Eyes Only" are provided to me subject to the Protective Order dated

_____, 2008, in the above-captioned litigation

("Litigation"); that I have been given a copy of and have read the Protective

Order; and that I agree to be bound by the terms of the Protective Order.  I also

understand that my execution of this Endorsement, indicating my agreement to be

bound by the Protective Order, is a prerequisite to my review of any information

1

STIPULATION AND [PROPOSED] PROTECTIVE ORDER GOVERNING PRODUCTION OR OTHER
DISCOVERY OF CONFIDENTIAL INFORMATION AND DOCUMENTS

or Documents designated as "Confidential" or "Confidential – Attorneys' Eyes Only" pursuant to the Protective Order.

I further agree that I shall not disclose to others, except in accord with the Protective Order, any materials designated as "Confidential" or "Confidential – Attorneys' Eyes Only," in any form whatsoever, and that such materials and the information contained therein may be used only for the purposes authorized by the Protective Order.

I further agree to return all copies of any materials designated as "Confidential" or "Confidential – Attorneys' Eyes Only" I have received to counsel who provided them to me upon completion of the purpose for which they were provided and no later than the conclusion of this Litigation.

I further agree and attest to my understanding that my obligation to honor the confidentiality of such discovery material will continue even after this Litigation concludes.

I further agree and attest to my understanding that, if I fail to abide by the terms of the Protective Order, I may be subject to sanctions, including contempt of court, for such failure.  I agree to be subject to the jurisdiction of the United States District Court, Central District of California, for the purposes of any proceedings relating to enforcement of the Protective Order, even if such enforcement proceedings occur after termination of this action.

1

       I further agree to be bound by and to comply with the terms of the

2

Protective Order as soon as I sign this Endorsement, regardless of whether the

3

Protective Order has been entered by the Court.

4

5

6    Date: _____

7    City and State where sworn and signed:        _____

8    Printed name:        _____

9    <u>Signature:</u>  _____

10

11

12

13

14

15

16

17

18

19

20

21

22

23

3

STIPULATION AND [PROPOSED] PROTECTIVE ORDER GOVERNING PRODUCTION OR OTHER
DISCOVERY OF CONFIDENTIAL INFORMATION AND DOCUMENTS